**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Little Italy Development, LLC,** | ) | **CASE NO. 1:11 CV 112** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Chicago Title Insurance Co., et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

### INTRODUCTION

This matter is before the Court upon Plaintiff Little Italy Development LLC's Motion for Partial Summary Judgment Regarding Defendants' Duty to Provide a Complete Defense (Doc. 13). Also pending is Defendants' Cross-Motion for Partial Summary Judgment (Doc. 16). This is an insurance coverage dispute. For the reasons that follow, Plaintiff's motion is GRANTED and defendants' motion is DENIED.

### FACTS

For purposes of this motion, the facts are undisputed.

1

Plaintiff, Little Italy Development LLC ("LID"), brings this lawsuit against defendants, Chicago Title Insurance Company and Fidelity National Title Group, Inc. (collectively, "Chicago Title").  LID purchased a title insurance policy from Chicago Title.  Pursuant to the terms of the policy, Chicago Title agreed to defend LID as follows,

> Upon request by the Insured and subject to the options contained in Section 6 of these Conditions and Stipulations, [Chicago Title], at its own cost and without unreasonable delay, shall provide for the defense of an insured in litigation in which any third party asserts a claim adverse to the title or interest as insured, but only as to those stated causes of action alleging a defect, lien or encumbrance or other matter insured against by this policy.... [Chicago Title] will not pay any fees, costs or expenses incurred by the Insured in the defense of those causes of action which allege matters not insured against by this policy.

(Conditions and Stipulations, ¶ 4(a)).

On July 9, 2009, Little Italy Preservation Partners sued LID regarding the use of an easement over LID's property.  It appears that the complaint in that matter contained seven claims. LID tendered the defense of the litigation to Chicago Title pursuant to the aforementioned policy provision.  Chicago Title agreed to defend only one claim–a claim alleging public prescriptive easement.   Chicago Title refused to defend the remaining claims on the basis that those "causes of action" alleged "matters not insured against by [the] policy." Accordingly, LID retained a law firm to defend against the remaining six causes of action. Thereafter, the underlying litigation settled and this lawsuit followed.

The complaint filed in this action contains three claims for relief.  Count one is a claim for declaratory judgment that Chicago Title has a duty to provide plaintiff with a complete defense.  Count two is a claim for breach of contract.  Count three is a claim for bad faith.

The parties cross-move for partial summary judgment on counts one and two of the complaint, and each opposes the other's motion.

**STANDARD OF REVIEW**

Rule 56(a) of the Federal Rules of Civil Procedure, as amended on December 1, 2010, provides in relevant part that:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed .R.Civ.P. 56(a).

Rule 56(e) provides in relevant part that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may ... consider the fact undisputed for purposes of the motion ... [and] grant summary judgment if the motion and supporting materials—including the facts considered undisputed-show that the movant is entitled to it." Fed.R.Civ.P. 56(e).

Although Congress amended the summary judgment rule, the "standard for granting summary judgment remain unchanged" and the amendment "will not affect continuing development of the decisional law construing and applying" the standard.  See, Fed.R.Civ.P. 56, Committee Notes at 31.

Accordingly, summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial
> responsibility of informing the district court of the basis for its
> motion, and identifying those portions of "the pleadings,

3

> depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).  A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party.  The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party.  *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562 (6th Cir. 1985).  However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox*, 53 F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Accordingly, "the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)).  Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

**ANALYSIS**

Plaintiff argues that it is entitled to summary judgment because Ohio Supreme Court precedent mandates that an insurer defend an insured with respect to all claims filed against it in

4

a lawsuit as long as least one claim is "arguably covered" under the insurance policy. Thus, even if certain claims are indisputably outside the scope of Chicago Title's duty to indemnify, it must nonetheless defend its insured against these claims. According to Chicago Title, the parties properly contracted for less coverage. As insurance contracts are to be construed in accordance with traditional contract principals, Chicago Title is obligated to provide a defense only with respect to those "causes of action" which "[allege] a defect, lien or encumbrance or other matter insured against by [the] policy."

Upon review, the Court finds that because Chicago Title does not dispute that it possessed a duty to defend at least one of the claims in the underlying litigation, Chicago Title was obligated to provide a defense as to all of the remaining claims. In *City of Sharonville v. American Employers Ins. Co.*, 846 N.E.2d 833, 837 (Ohio 2006), the Supreme Court of Ohio held,

> An insurer has an absolute duty to defend an action when the complaint contains an allegation in any one of its claims that could arguably be covered by the insurance policy, even in part and even if the allegations are groundless, false, or fraudulent. Once an insurer must defend one claim within a complaint, it must defend the insured on all the other claims within the complaint, even if they bear no relation to the insurance-policy coverage. An insurer need not defend any action or any claims within the complaint when all the claims are clearly and indisputably outside of the contracted policy coverage.

(citations and quotations omitted). *See also, Preferred Mut. Ins. Co. v. Thompson*, 491 N.E.2d 688 (Ohio 1986)("insurance company that is contractually obligated to defend the insured in negligence actions is required to make a defense as to [intentional tort claims as well]...regardless of the ultimate outcome of the action").

Thus, on its face, the Ohio Supreme Court requires an insurer to defend all claims in a complaint, provided at least one claim is even arguably within the scope of the policy's

5

coverage. Chicago Title argues that, pursuant to the express terms of the policy, it agreed to provide less coverage than the coverage required by *City of Sharonville*. In other words, Chicago Title claims that the Ohio Supreme Court's pronouncement may be modified by agreement between the parties. This Court disagrees. Chicago Title's argument would be meritorious if the Ohio Supreme Court based its decision on contract interpretation principles. If the decision relied on the underlying insurance agreement to determine the scope of the duty to defend, then the parties would be free to contract for varying degrees of coverage in that regard. The court, however, does not even reference the policy language in its opinion. The holding in *City of Sharonville* is undoubtedly broad–it expressly requires insurers to defend claims "even if they bear no relation to the insurance policy coverage." Because the court does not interpret and apply the scope of the policy in arriving at its decision, the Court finds that *City of Sharonville* necessarily created a duty to defend implied in law.[1] *See, e.g., Buss v. Superior Court*, 939 P.2d 766 (Cal. 1997)(expressly concluding that the duty to defend all claims is implied in law and does not derive from the parties' agreement); *Lawyers Title Ins. Corp. v. Graham Mortg.Corp.*, 2010 WL 2635074, E.D. Tex. April 16, 2010)(noting that, while courts rarely discuss the rationale behind the "complete defense" rule, the rationale is rooted in public policy).[2]

---

[1] The public policy supporting this rule is twofold: it is not feasible for two different attorneys to represent an insured in one lawsuit and it would be time consuming and possibly futile to divide covered and non-covered claims. Notably, the duty to provide a "complete defense," arises only if the insuring agreement contains a duty to defend provision. A duty to defend does not arise by operation of law. Thus, if no duty to defend exists at all, an insurer need not defend any claims.

[2] Chicago Title argues that the "public policy" supporting these decisions does not rise to the level of other "public policy"

6

Chicago Title relies on *American Chem. Soc. v. Leadscope, Inc.*, 2005 WL 1220746 (Oh. Ct. App. May 24, 2005), in support of its position that the duty to provide a "complete defense" is grounded in contract. A review of that case, however, demonstrates that *Leadscope* actually supports this Court's conclusion. There, the policy did not contain a duty to defend provision. Rather, the insurer agreed to advance defense costs and the court concluded that the "complete defense" theory applies where an insurer agrees to advance defense costs. The *Leadscope* court specifically concluded that, regardless of whether an insurer agrees to defend against "groundless, false, or fraudulent" claims, an insurer must defend all claims so long as at least one claim is arguably covered. In so concluding, the court noted that in *Preferred Mutual*, the Ohio Supreme Court did not even discuss the policy language at issue in concluding that the "complete defense" rule applies. Rather, in *Preferred Mutual*, the court held that an insurer who is "contractually obligated" to defend negligence claims, must also defend intentional tort claims. This language implies that there is no "contractual" obligation to defend the intentional tort claims. Rather, the obligation is implied in law. Thus, contrary to Chicago Title's suggestion, *Leadscope* actually supports the reasoning of this Court.

Chicago Title also relies on *Insurance Co. of the State of Pennsylvania v. Vimas Painting Co., Inc.*, 2007 WL 1412988 (N.D. Ohio March 10, 2007). Chicago Title's reliance is

> restrictions placed on insurers. For example, Chicago Title notes that insurers are contractually prohibited from insuring against punitive damages claims. According to Chicago Title, this type of public policy benefits the general good, while the public policy at issue in this case, *i.e.*, the "in for one in for all" policy, provides no similar benefit. Although Chicago Title's argument has appeal, this Court must apply Ohio law. That law makes no reference to any duty arising by contract. As such, the Court must conclude that the duty arises as a matter of law.

7

misplaced. *Vimas Painting* discussed the scope of the duty to defend. Specifically, *Vimas Painting*, in reliance on *Preferred Risk Ins. Co. v. Gill*, 507 N.E. 2d 1118 (Ohio 1987), held that in order to determine whether there is a duty to defend, the court may look outside the scope of the pleadings to determine if a duty to defend exists, unless the insurer agrees to defend "groundless, false, or fraudulent" claims. According to Chicago Title, this language means that parties are free to modify "the general duty-to-defend rule in Ohio." In response, plaintiff argues that the Supreme Court limited *Gill* in *Cincinnati Ins. Co. v. Colelli & Associates, Inc.*, 767 N.E.2d 717 (Ohio 2002). Plaintiff points out that *Colelli & Associates* indicated that *Gill* "is limited to its facts," and that Ohio's general rule applies. In other words, courts must look to the allegations in the complaint to determine whether a duty to defend arises.

Upon review, the Court finds that the line of cases and the reasoning relied on by Chicago Title is unpersuasive. Two separate issues arise in analyzing duty to defend cases. The first is whether a duty to defend exists at all. This issue is addressed in *Vimas Painting, Gill, Colelli & Associates*, and *Willoughby Hills v. Cincinnati Ins. Co.*, 459 N.E.2d 555 (Ohio 1984). In these cases, the courts endeavored to determine whether *any* claim was "arguably covered." This issue, however, is not relevant to the present case since Chicago Title admits that it has a duty to defend at least one claim in the underlying litigation. The second issue is whether an insurer must defend covered and non-covered claims once the duty to defend is triggered. *See*, *Leadscope,* 2005 WL 1220746 (noting that the "pleadings test" and the "complete defense" tests are separate and derive from different lines of case law). If anything, *Vimas Painting* supports the Court's conclusion by noting (without reference to the policy language) that "Ohio law...provides that when the insurer has a duty to defend one claim against an insured, 'it must

8

defend the entire lawsuit even though other claims may not come within the coverage of the policy.'" *Vimas Painting*, 2007 WL 1412988 at * 8. The remainder of the analysis relates to the first issue.

The only case arguably on point is *Philadelphia Indem. Ins. Co. v. Chicago Title Ins. Co.*, 2010 WL 2757542 (N.D. Ill. July 13, 2010). In that case, defendant's insurance policy contained the same contractual limitations at issue here. Specifically, defendant agreed to defend only those "causes of action" insured under the policy. The court held that the contractual language trumps Illinois's general rule that an insurer must defend all claims where at least one claim is arguably covered. As such, the policy expressly limited defendant's duty to defend. As an initial matter, *Philadelphia Indem. Ins. Co.* is not binding or even persuasive authority in that it does not apply Ohio law. Moreover, the court appears to have come short of expressly holding that the duty to defend did not exist over non-covered claims. Rather, the court held only that the "contractual language *at least arguably* overcomes the general rule.... *Id*. at * 4. Regardless, this Court finds that because Ohio courts consistently apply the "complete defense" rule without resort to the policy language at issue, the duty arises as a matter of law and cannot be superseded by contract.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Little Italy Development LLC's Motion for Partial Summary Judgment Regarding Defendants' Duty to Provide a Complete Defense (Doc. 13) is GRANTED and Defendants' Cross-Motion for Partial Summary Judgment (Doc. 16) is DENIED.

IT IS SO ORDERED.

        /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 6/24/11